UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| MARINE CLUB MANAGER, INC., EBRM RESURRECTION LLC, and ERIC BLUMENFELD,<br><br>Petitioners,<br><br>v.<br><br>RB COMMERCIAL MORTGAGE, LLC<br><br>Respondent. | Civil Action No. 3:22-cv-609-MOC-DCK |
|---|---|

**PETITIONERS' MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS**

Marine Club Manager Inc., EBRM Resurrection LLC, and Eric Blumenfeld (collectively "Petitioners"), by and through undersigned counsel, hereby notify the Court that Respondent RB Commercial Mortgage LLC ("RB") has failed to oppose their Motion to Stay, ECF No. 5, which, after judicial consideration, should be granted as unopposed with Respondent's Motion to Dismiss, ECF No. 9, denied as moot. In the alternative, Petitioners oppose Respondent's Motion to Dismiss on the merits.

Petitioners explained in the Petition that it was timely filed because it was filed within three months, *see* 9 U.S.C. § 12, from both the Partial and Final Awards. Respondent's argument that the Petition is untimely is thus patently erroneous. RB cites not a single case—and there is absolutely no precedent—holding that a AAA appeal tolls the Federal Arbitration Act's three-month statute of limitations, or that a subsequent AAA appellate review decision could supplant the arbitrator's "Final Award" for the purposes of the FAA's statute of limitations. This is exactly what Petitioners explained in the Petition.

To minimize any impact on the Court's docket, however, Petitioners filed the Motion to Stay pending the AAA appeal, which decision will be issued on or before January 10, 2023. Petitioners have sought nothing more than to protect their rights to file a timely collateral appeal under the FAA, with no prejudice or impact to Respondent or the Court.

It is within this context that the actions of Respondent RB must be judged. The thoughtful and judicially prudent[1] action would have been to join in the Motion to Stay, which, under the proposed order, sets a response and briefing schedule for after the AAA appellate decision. *See* ECF No. 5-1. Instead, RB decided to file its own motion for extension of time, *seeking the same relief that the Motion to Stay sought*—an answer and briefing schedule after the issuance of the AAA appeal. *See* ECF No. 7. There is no good faith basis for filing such a motion, and RB's actions can only be described as judicially wasteful. It does not end there, unfortunately. After RB did not receive a decision on that motion over the Thanksgiving holiday, it withdrew it and then filed another motion, but now seeking to dismiss the Petition as "premature" despite not citing a single case in support of that argument. Again, without regard to the merits of its arguments, Respondent RB seeks nothing more than for this Court to rule on the Petition until after the AAA appellate proceedings finish—which is the exact same relief Petitioners seek in the Motion to Stay. The only difference between the two motions is that Respondent is seeking relief that could materially impact the timeliness of the Petition or any subsequent petition due to the lack of Fourth Circuit precedent while Petitioners' Motion to Stay will preserve the statute of limitations while also administratively removing this action from the Court's docket until the AAA appellate proceedings conclude in January 2023. Petitioners

---

[1] *See* Fed. R. Civ. P. 1 (These Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

respectfully request that the Court ignore RB's procedural games, grant the motion to stay, and deny RB's meritless motion to dismiss.

## BACKGROUND[2]

Petitioners filed the Petition on November 7, 2022, to vacate, modify, or correct the Award as described in the Petition. *See* ECF No. 1. As Petitioners explained in the Petition, the Partial Award, which decided liability and calculated all damages except for prevailing party legal fees, was issued on August 9, 2022, and the Federal Arbitration Act requires notice of any request to vacate the Award to be served on the adverse party "within three months after the award is filed or delivered." *See id.* There is a body of caselaw holding that the three-month deadline runs from the award apportioning *liability* even if damages are to be calculated later, with no Fourth Circuit precedent clarifying which award (partial or final) triggers the running of the statute of limitations.[3] Thus, Petitioners filed the Petition within three months of the Partial Award. *See id.* The Final Award, which incorporates the findings and conclusions of law of the Partial Award, was issued on September 26, 2022. Under the Federal Arbitration Act, the

---

[2] Petitioners incorporate by reference the factual allegations included in the Petition to the extent necessary for the consideration of the motions. *See* ECF No. 1.

[3] *See*, *e.g.*, *Hart Surgical, Inc. v. UltraCision, Inc.*, 244 F.3d 231 (1st Cir. 2001); *Torres Y Ribelles S.A. v. Ballestar Harmanos, Inc.*, No. 07-cv-1433, 2008 U.S. Dist. LEXIS 134136 (D.P.R. Aug. 26, 2008); *Northwest Marine Iron Works v. B.S.L. Cruises, Inc.*, 1992 WL 349841, at *2, No. 92 Civ. 5684 (S.D.N.Y. Nov. 10, 1992) (calculating ninety-day deadline from issuance of partial award). *See also* James M. Gaitlis, The Federal Arbitration Act: Risks and Incongruities Relating to the Issuance of Interim and Partial Awards in Domestic and International Arbitrations, 16 Am. Rev. Int'l Arb. 1, 9–10 (2005) ("While the failure of the FAA to specifically address and define a tribunal's authority to issue interim and partial awards is arguably laudable, that omission, in combination with others, ensures a degree of ambiguity in the FAA that is neither desirable nor explicable. In particular, Congress' failure to specify when an interim or partial award should be deemed 'final,' and under what circumstances it is appropriate for a district court to entertain an application to confirm or vacate an interim or partial award, has resulted both in a piecemeal body of case law and in confusion within the ranks of the arbitration community.").

Petition is thus timely and ripe under both the Partial and Final Awards because it was filed within three months of both awards. *See* ECF No. 1 (filed Nov. 7, 2022).

Petitioners also explained in the Petition that under the ADR provision of the Operating Agreement, either party may seek AAA appellate review of the Award and that Petitioners had filed a AAA appeal regarding the Award. *See id.* Due to the time limitations imposed by 9 U.S.C. § 12 and an abject dearth of caselaw regarding the tolling effect of an arbitration appeal on those time limitations,[4] Petitioners filed the Petition to preserve their rights to seek vacation of the Award pending the appeal. *See id.* **Neither party has cited a single case—precedential or otherwise—holding that a AAA appeal tolls the Federal Arbitration Act's three-month deadline for filing a collateral appeal of the final award**.[5] To ensure the preservation of judicial resources, Petitioners have separately filed a Motion to Stay and Abey the Petition until the AAA appellate proceedings have concluded.[6] *See* ECF No. 5. **Respondent has not opposed the Motion to Stay and Abey.**

## ARGUMENT

### I. Petitioners' Unopposed Motion To Stay And Abey Pending The AAA Appellate Tribunal's Decision Due January 10, 2023, Should Be Granted And RB's Motion To Dismiss Should Be Denied As Moot.

[4] There is no Fourth Circuit caselaw holding that the AAA Appellate Rules automatically toll the ninety-day time limitation in the FAA or that tolling is even permissible as to 9 U.S.C. § 12. *See, e.g.*, *Taylor v. Nelson*, 788 F.2d 220 (4th Cir. 1986) (noting that tolling of the ninety-day statute of limitations in the FAA for motions to vacate is "questionable") (citing *Florasynth, Inc. v. Pickholtz*, 750 F.2d 171 (2d Cir. 1984). *See also Argentine Republic v. Nat'l Grid PLC*, 637 F.3d 365 (D.C. Cir. 2011) (holding that district courts have no authority to extend the ninety-day deadline in 9 U.S.C. § 12, which is a statutory deadline).

[5] Prior to filing the Petition, Petitioners conducted comprehensive caselaw research to determine whether a AAA appeal would stay the limitations period in 9 U.S.C. § 12. Petitioners found no authority indicating that it would.

[6] As previously explained in Petitioners'' Memorandum of Law in Support of the Motion to Stay and Abey, ECF No. 6, the AAA Appellate Tribunal will render their decision by January 10, 2023.

In the Petition and Motion to Stay, Petitioners comprehensively outlined the timeliness of the Petition as well as the Court's authority to grant a stay pending resolution of the AAA appeal. Respondent RB did not oppose the Motion to Stay. Unfortunately, rather than join in the Motion to Stay to reduce motions practice, RB decided to file the instant Motion to Dismiss the Petition, based solely on the pending AAA appeal. Of course, granting the—unopposed—Motion to Stay would resolve any issues with the pending AAA appeal. The Motion to Dismiss would then be moot and should be denied on that basis.

## II. Respondent RB's Motion To Dismiss Should Be Denied Because The Petition Is Not Premature.

RB's motivation in filing the Motion to Dismiss is clear. It seeks to preclude Petitioners from any review of the patently erroneous and wrongful Final Award. Specifically, it has moved to dismiss the instant Petition as "unripe" due to the pending AAA appeal. At the same time, however, it has moved to dismiss the AAA appeal due to the filing of this Petition. *See* ECF No. 10-7 (motion to dismiss AAA appeal). Put another way, RB has moved to dismiss both the AAA appeal and this Petition. Should it succeed in both of its efforts, Petitioners will be precluded from AAA appellate review and this Petition will be dismissed. And, of course, any subsequent petition brought in this Court pursuant to the Federal Arbitration Act could be deemed untimely due to the lack of any precedential Fourth Circuit law and the fact that there would be no further AAA award. One could bet that RB will be arguing the untimeliness of any future petition filed after the AAA appellate decision is issued on January 10, 2023, should this one be dismissed. Why else would it seek a dismissal of this action rather than join in the motion to stay? RB's duplicitous procedural machinations alone compel denial of the Motion to Dismiss.

Aside from RB's nefarious motivations in filing the Motion, the Motion is woefully deficient and lacks merit.

First, RB's description of the Petition as "unripe" because the AAA appeal is pending is patently conclusory. It cites not a single case holding that a "final arbitration award" is somehow premature, and certainly not one in which the arbitration provision provides for an arbitration appeal. Of course, the bulk of the cases cited by RB are outside of the Fourth Circuit and non-precedential, but even if they could be considered as persuasive, all involve "interlocutory" collateral review of non-final arbitration awards. In each and every case cited by RB, the arbitration hearing had not yet concluded and no final award had been issued. That is not the circumstance here. The arbitrator declared the arbitration hearings closed and issued a "Final Award" on September 26, 2022.

Second, RB argues that the Petition should be dismissed because Petitioners seek for the Court to vacate an award "which might not exist in two months." *See* ECF No. 10 at 1. That is, of course, no reason to dismiss the Petition, especially in light of the FAA's timeliness requirements. If the AAA appellate proceedings were to resolve Petitioners' issues entirely in Petitioners' favor, Petitioners would voluntarily dismiss the Petition pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Furthermore, Petitioners specifically anticipated this concern and included in their proposed order to the Motion to Stay that "[w]ithin thirty (30) days from service of the AAA appellate award, Petitioners shall notify the Court that the stay may be lifted and advise whether Petitioners will seek to dismiss or proceed with the Petition based on the AAA appellate award[.]" *See* ECF No. 5-1 at 1, ¶ 3. Unlike Respondent RB, Petitioners have at each and every opportunity sought to minimize the burden of this Petition on the Court's docket while at the same time preserving their rights to timely file a collateral appeal under the FAA.

As Petitioners argued in their Motion to Stay, the Supreme Court of the United States has specifically sanctioned the stay and abey of collateral review petitions to preserve a statute of

limitations issue, even when the underlying proceeding is not yet resolved and could, potentially, moot the issues raised in the federal petition. *See Rhines v. Weber*, 544 U.S. 269 (2005). Protective civil actions and the stay and abeyance of same do not just occur in the context of 28 U.S.C. § 2254 habeas petitions. For example, such protective actions and stays have occurred in the context of state administrative and court proceedings. *See*, *e.g.*, *STO, Corp. v. Lancaster Homes, Inc.*, 11 F. App'x 182, 190 (4th Cir. 2001) (holding that the issuance of a stay, rather than a dismissal, was proper as the federal case could continue after resolution of the state case, which "make[s] it necessary for the federal court to retain the present case on its docket because otherwise the statute of limitations could bar STO from refiling its claims against Lancaster in any court. A stay of the federal action would avoid any potential statute of limitations problems."); *Woods v. Rock Lick Prep Plant, LLC*, No. 2:22-cv-00263, 2022 U.S. Dist. LEXIS 163063 (S.D.W. Va., Sept. 9, 2022) (granting motion to stay remaining claims in light of the anticipated expiration of the statute of limitations while plaintiff exhausted administrative remedies and citing *Ryan v. Gonzales*, 568 U.S. 57 (2013)). Of course, district courts also routinely exercise jurisdiction over EEOC lawsuits while the underlying EEOC administrative claim is pending and being investigated. *See*, *e.g.*, *Veliaminov v. P.S. Bus. Parks*, 857 F. Supp. 2d 589 (E.D. Va. 2012); *Thomas v. BET Sound-Stage Restaurant/Brettco, Inc.*, 61 F. Supp. 2d 448 (D. Md. 1999). There is absolutely no merit to Respondent's argument that this Petition is unripe because another proceeding could affect its disposition.

Third and finally, it is simply disingenuous for RB to argue that Petitioners have created "procedural confusion" by filing the Petition. To the contrary, Petitioners have been forthright and transparent with the Court in the filing of the Petition, describing the timeliness of same, and seeking to minimize any impact on the Court by filing the prudent Motion to Stay and Abey

while the AAA appellate proceedings will conclude in less than a month. It is Respondent who is creating procedural confusion by filing this superfluous motion to dismiss, adding to the Court's motions docket and raising unsupported arguments which could materially impact the timeliness of Petitioners' collateral appeal of the final award under the FAA, when Respondent could have simply noticed its lack of opposition to the motion to stay.

**CONCLUSION**

Petitioners respectfully request that the Court grant the unopposed Motion to Stay, ECF No. 5, hold the Petition in abeyance pending resolution of the AAA appeal, enter the briefing schedule included in the proposed order, ECF No. 5-1, and deny the Motion to Dismiss, ECF No. 9.

Respectfully submitted,

**PENRY RIEMANN, PLLC**

Dated: December 12, 2022

*<u>/s/ J. Anthony Penry</u>*
J. ANTHONY PENRY
2245 Gateway Access Point, Suite 203
Raleigh, North Carolina 27607
(t) (919) 792-3891
(f) (919) 516-0880
(e) andy.penry@penryriemann.com

*Counsel for Petitioners*

*OF COUNSEL:*

**BRAVERMAN KASKEY GARBER P.C.**

BENJAMIN A. GARBER
MELISSA A. ANDERSON
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
(t) (215) 575-3800
(f) (215) 575-3801
(e) bgarber@braverlaw.com
(e) anderson@braverlaw.com