UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-609-MOC-DCK

| | |
|---|---|
| **MARINE CLUB MANAGER, INC., EBRM RESURRECTION LLC, AND ERIC BLUMENFELD,** ) ) ) ) | |
| Petitioners, ) ) | |
| Vs. ) ) | **ORDER** |
| **RB COMMERCIAL MORTGAGE, LLC,** ) ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on Petitioners' Motion to Stay Execution of or Proceedings to Enforce Final Judgment (Doc. No. 48) and Respondent's Expedited Motion for Injunctive Relief. (Doc. No. 51). Also pending is a Motion to Adjourn Hearing on the other pending motions, filed by Petitioners. (Doc. No. 57). Having considered the motions and reviewed the pleadings, the Court enters the following Order.

## I. BACKGROUND

In 2014, the parties executed the Limited Liability Company Agreement of Marine Club Associates, LLC ("Operating Agreement"). (Doc. No. 50 Ex. 1). The Operating Agreement required the parties to settle all disputes through binding arbitration. (Id. § 15.19). On August 9, 2022, an arbitrator found that RB Commercial was entitled to a declaratory judgment that: Changeover and Full Recourse Events (as defined in the Operating Agreement) had occurred; RB Commercial had the right to exercise remedies identified in Section 8.3 of the Operating Agreement; and Mr. Blumenfeld was liable to RB Commercial for $5,302,369.93. (Doc. No. 1-

14). The Arbitrator's Final Award subsequently determined that Marine Club Manager owed RB Commercial an additional $1,795,846.02 in attorneys' fees. (Doc. No. 1-20).

Petitioners unsuccessfully appealed their award. (Doc. No. 15-11). Besides rejecting Petitioners' allegations of error, the appellate panel granted RB Commercial an additional award of attorneys' fees in the amount of $72,236.83. (Doc. No. 38-4).

Petitioners filed in this Court motions to vacate, modify, or correct both the Final and Appellate Arbitration Awards. (Doc. Nos. 1, 39). Respondent moved to confirm both awards. (Doc. Nos. 14, 37). On August 1, 2023, this Court denied Petitioners' motions to vacate and confirmed both awards. (Doc. No. 43). Petitioners filed a notice of appeal to the Fourth Circuit shortly thereafter. (Doc. No. 45). Their appeal remains pending.

On August 16, 2023, Petitioners filed their Motion to Stay Execution of or Proceedings to Enforce Final Judgment. (Doc. No. 48). Respondent opposes Petitioners' Motion to Stay. (Doc. No. 50). On September 7, 2023, Respondent filed an Expedited Motion for Injunctive Relief. (Doc. No. 51). Petitioners filed a response in opposition (Doc. No. 53) and Respondent filed a reply. (Doc. No. 54). This Court held a hearing on both motions on October 23, 2023.

II. DISCUSSION

    a. Plaintiff's Motion to Stay

Federal Rule of Civil Procedure 62(a) provides for an automatic 30-day stay on execution of and proceedings to enforce a judgment. The 30-day automatic stay on execution of and proceedings to enforce this Court's judgment affirming the arbitral awards expired on September 1, 2023. Federal Rule of Civil Procedure 62(b), however, permits a party to obtain an additional stay "by providing a bond or other security." The stay is effective upon the Court's approval of the security and remains effective for the time specified in the security. FED. R. CIV. P. 62(b). An

appellant who posts an adequate supersedeas bond is entitled to stay of enforcement proceedings "as a matter of right." Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966) ("With respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond.") (emphasis added); Kirby v. Gen. Elec. Co., 210 F.R.D. 192, 195 (W.D.N.C. 2001), aff'd, 20 F. App'x 167 (4th Cir. 2001).

With respect to Petitioners' Motion to Stay, the parties disagree on two points—first, the scope of the stay and, second, the amount of security Plaintiffs must post to be entitled to such stay under FED. R. CIV. P. 62(b). The Court addresses these disputes in turn.

### i. Scope of the Stay

Petitioners argue that a Rule 62(b) stay applies to the execution of both declaratory and money judgments. (Doc. No. 49 at 6). Respondent disputes Rule 62(b)'s application vis-à-vis declaratory judgments. (Doc. No. 50 at 4).

Petitioners cite two cases for the proposition that Rule 62(b) stays apply to the enforcement of declaratory judgments: Auto-Owners Ins. Co. v. Potter, 242 F. App'x 94 (4th Cir. 2007) and Chae Bros., LLC v. Mayor & City Council of Baltimore, No. CV GLR-17-1657, 2019 WL 1040434 (D. Md. Mar. 5, 2019). But Potter did not hold declaratory judgments could be stayed pending appeal under FED. R. CIV. P. 62(b). The portion of the opinion cited by Petitioner simply defines "declaratory judgment" and FED. R. CIV. P. 62(b) in close succession:

> A declaratory judgment allows a court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought;" such a judgment has "the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a) (1993). A stay pending appeal may be sought by a party under Federal Rule of Civil Procedure 62(d).

Potter, 242 F. App'x at 100 (4th Cir. 2007). As Respondent points out, the very next page of the opinion indicates that only declaratory judgments that are "monetary in nature" are subject to Ruel 62(b) stay. Id. at 101; (Doc. No. 50 at 6). Indeed, the Potter Court explicitly approved the district court's citation to the Fifth Circuit's opinion in Arnold v. Garlock, unambiguously holding that "[t]he stay provisions of Rule 62 pertain to judgments for money." 278 F.3d 426, 437 (5th Cir. 2001).

Petitioners' second case, Chae Bros., cites the above-quoted language from Potter for its dicta remark that "[u]nder Rule 62(d), a party may seek a stay pending appeal of a declaratory order." No. CV GLR-17-1657, 2019 WL 1040434, at *2 (D. Md. Mar. 5, 2019). But as Respondent notes, the facts of Chae Bros. did not involve a stay. This Court respectfully disagrees with the Chae Bros. court's non-binding dictum, which is contrary to the weight of persuasive authority. See, e.g., Reefco Servs., Inc. v. Gov't of Virgin Islands, No. CV 2014-110, 2018 WL 6173878, at *10 (D.V.I. Nov. 26, 2018), aff'd in part, vacated in part, remanded, 830 F. App'x 81 (3d Cir. 2020), and vacated sub nom. Reefco Servs., Inc. v. Gov't of the Virgin Islands, No. CV 2014-110, 2021 WL 1041197 (D.V.I. Mar. 12, 2021); Ellis v. Ethicon, Inc., No. CIV.A. 05-726 FLW, 2010 WL 3810884, at *1 n.2 (D.N.J. Sept. 21, 2010) ("The posting of the supersedeas bond stays the enforcement of the money judgment only, and has no effect on the enforcement of the injunctive and equitable relief ordered by the court.") (citing 11 FEDERAL PRACTICE AND PROCEDURE § 2905 at 519); Yankton Sioux Tribe v. S. Missouri Waste Mgmt. Dist., 926 F. Supp. 888, 890 (D.S.D. 1996). These cases analogize declaratory judgments to injunctive relief, which is not stayed pending appeal. See, FED. R. CIV. P. 62(c).

The arbitral award confirmed by this Court found that Respondent was entitled to two declaratory judgments: first, that Changeover Events defined in Sections 8.1 and 8.2 of the

Operating Agreement had occurred, and second, that a Full-Recourse Event defined in Section 13.2 of the Operating Agreement had occurred. The occurrence of a Changeover Event entitles Respondent to replace Petitioner as the manager of Marine Club Associates. The occurrence of a Full-Recourse Event renders Blumenfeld directly liable to Respondent for payment of the Required Redemption Amount.

The declaratory judgment that a Changeover Event has occurred is not a money judgment. Neither is it a binding order requiring either party to act. "A declaratory judgment is simply a statement of rights, not a binding order supplemented by continuing sanctions." Steffel v. Thompson, 415 U.S. 452, 482 (1974) (J. Rehnquist, concurring). As such, the arbitral tribunal's declaratory judgment, confirmed by the Court, that a Changeover Event has occurred is not subject to a Rule 62 stay. Petitioners' Motion to Stay will be denied as it pertains to the Changeover Event declaratory judgment.

By contrast, the declaratory judgment that a Full-Recourse Event has occurred is "monetary in nature," and thus subject to Rule 62 stay. See Potter, 242 F. App'x at 100 (4th Cir. 2007). The arbitral tribunal's findings on Petitioners' monetary liability, confirmed by this Court, are also money judgments subject to stay. Petitioners' Motion to Stay will be granted as it pertains to the money judgment and the Full-Recourse Event declaratory judgment.

### ii. Amount of Security Required

FED. R. CIV. P. 62(a) affords this Court discretion to set the amount of security required to grant a stay. Caruthers v. Vitex, Inc., No. 517CV00098KDBDSC, 2020 WL 9211211, at *1 (W.D.N.C. Jan. 9, 2020). Because the "bond or other security" requirement exists "to preserve the status quo while protecting the non appealing party's rights pending appeal," Denver Glob. Prod., Inc. v. Leon, No. 5:17-CV-102, 2019 WL 2057277, at *2 (W.D.N.C. May 9, 2019), courts

usually require security in "an amount that will permit full satisfaction of the judgment together with costs and interests." Barranco v. 3D Sys. Corp., No. 3:14-CV-188, 2017 WL 3174948, at *1 (W.D.N.C. July 26, 2017) (quoting Van Pelt v. UBS Fin. Servs., No. 3:05-CV-477, 2007 WL 3224747, at *1 (W.D.N.C. Oct. 29, 2007)).

Petitioners offer the Marine Club Building—the only asset owned by Marine Club Associates, LLC—as security. (Doc. No. 49 at 7). But Petitioners do not own the Marine Club Building, and Marine Club Associates, LLC is not a party to this case. Petitioners cannot offer as security a building they do not own. Although it is true that Petitioner Marine Club Manager, Inc. was the managing member of Marine Club Associates and controlled 92% of the LLC's equity, (Doc. No. 49 at 2), the arbitral award confirmed by this Court found that Changeover Events had occurred permitting Respondent RB Commercial Mortgage to replace Marine Club Manager as the managing member of Marine Club Associates. (Doc. No. 1-20 at 26–27). The tribunal—and this Court—thus concluded that Respondent is entitled to a declaratory judgment affirming Respondent's authority to take control of Marine Club Associates. Petitioners argue that this Court's Rule 62(b) stay applies not only to money judgments but also declaratory relief favoring Respondent. (Doc. No. 49 at 6–7). If the declaratory judgment affirming Respondent's ability to control Marine Club Associates were stayed, then Petitioners' claim to own the Marine Club Building (and use it as "other security") would have some credibility. But this Court finds that non-monetary declaratory judgments are akin to equitable relief, and thus not subject to stay under FED. R. CIV. P. 62(b). Consequently, Petitioners' claim to control the Marine Club Building is unconvincing.

RB Commercial demands that Petitioners post a supersedeas bond in the amount of $43,118,548.81. (Doc. No. 50 at 7). Respondent arrives at this figure by referring to the

"waterfall" provision of the Operating Agreement, according to which RB Commercial must "remit funds received from Marine Club to the Senior Lender while the Senior Loan is in default." (Doc. No. 50 at 8). A bond of $43,118,548.81 would cover not only the Required Redemption Amount and Petitioner's other monetary liability to RB Commercial, but also the outstanding value of the Senior Loan, which remains in default. Such a bond would "ensure that RB Commercial is not deprived of its recovery because of the order in which Blumenfeld pays his creditors." (Doc. No. 50 at 8).

But Respondent is not entitled to have its recovery so protected. RB Commercial agreed to the waterfall provision in the operating agreement. Respondent was aware that, if the Senior Loan was in default, RB Commercial's recovery of the Required Redemption Amount would be primed by the Senior Lender. It is not this Court's responsibility to ensure that monies paid by Petitioner to Respondent are kept by Respondent.

The arbitral awards confirmed by this Court entitle Respondent to an award of the Required Redemption Amount and Attorneys Fees, now a total of $8,767,624.96. (Doc. No. 60-1 ¶ 3). That is the amount of the bond that Petitioners must post to be awarded a Rule 62(b) stay as a matter of right.

### b. Defendant's Motion for Injunctive Relief

Declaratory judgments are not self-enforcing. Steffel, 415 U.S. at 482 (J. Rehnquist, concurring). Such judgments can be enforced, however, by injunction. Reefco Servs., No. CV 2014-110, 2018 WL 6173878, at *10. The arbitral tribunal found, and this Court confirmed, that Respondent was entitled to a declaratory judgment that a Changeover Event defined in the Operating Agreement had occurred and RB Commercial is subsequently entitled to exercise the remedies set forth in Section 8.3 of the agreement. (Doc. No. 51). Those remedies include, inter

alia, the right to control, replace the manager of, and replace the property manager of, Marine Club Associates. (Id.). Respondent alleges that Petitioners have prevented RB Commercial from availing itself of these remedies. (Id.). Respondent seeks an injunction requiring Petitioners to abide by the terms of the Changeover Event judgment.

The Federal Arbitration Act ("FAA") provides that a district court's judgment confirming an arbitration award operates the same as a judgment rendered in an action before that court. 9 U.S.C. § 13. Simply put, "[the FAA] authorizes courts to enforce arbitration awards as judgments of the court." Servotronics, Inc. v. Boeing Co., 954 F.3d 209, 214 (4th Cir. 2020), abrogated on other grounds by ZF Auto. US, Inc. v. Luxshare, Ltd., 142 S. Ct. 2078 (2022). The arbitral tribunal's declaratory judgment that RB Commercial is entitled to control, replace the manager, and replace the property manager of Marine Club Associates was confirmed by this court. The FAA dictates that this declaratory judgment can be enforced as a judgment of the Court. See, 9 U.S.C. § 13.

The Federal Declaratory Judgment Act permits courts to grant "necessary or proper relief based on a declaratory judgment . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. "This provision 'clearly anticipate[s] ancillary or subsequent coercion to make an original declaratory judgment effective.'" Carolina Pizza Huts, Inc. v. Woodward, 67 F.3d 294 (4th Cir. 1995) (quoting Horn & Hardart Co. v. Nat'l Rail Passenger Corp., 843 F.2d 546, 548 (D.C. Cir. 1988)). The Supreme Court has repeatedly recognized that a district court can enforce a declaratory judgment through an injunction issued pursuant to 28 U.S.C. § 2202. See, Samuels v. Mackell, 401 U.S. 66, 72 (1971); Powell v. McCormack, 395 U.S. 486, 499 (1969). The Fourth Circuit has even required a district court to consider an injunction as a Section 2202 remedy following the entry of a

declaratory judgment. Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co., 966 F.2d 847, 853 (4th Cir. 1992).

Petitioners contend that the Court should deny Respondent's motion for injunctive relief for three reasons: (1) the Court's declaratory judgment should be stayed under FED. R. CIV. P. 62(b); (2) permitting RB to take control of Marine Club Associates would cause Petitioners irreparable harm; and (3) "granting the Motion would eviscerate the practical consequences of Petitioners' appeal." (Doc. No. 53 at 11–12). Each of these arguments fails.

First, the Court's non-monetary declaratory judgment regarding Changeover Events and related remedies is not subject to a Rule 62 stay for the reasons explained above.

Second, "irreparable harm" is not an element of the 28 U.S.C. § 2202 inquiry. In any case, Petitioners do not own the Marine Club Apartment Building, so its sale by Respondent would not harm them irreparably. Petitioners would maintain their equity stake in Marine Club Associates, which does own the building, and any sale of the building by Respondent would be distributed in accordance with the waterfall provision in the Operating Agreement.[1]

Third, the pendency of an appeal does not divest this Court of jurisdiction to enforce the declaratory judgment it confirmed. Indeed, Section 2202 provides courts a basis to impose remedies for failure to comply with a declaratory judgment pending appeal. Heartland By-Prod., Inc. v. United States, 568 F.3d 1360, 1367–68 (Fed. Cir. 2009). "Courts that have addressed when a motion for further relief may be brought under § 2202 have consistently held that neither the filing of an appeal nor a lengthy delay after the trial court's initial ruling terminates the court's

---

[1] "A sale would leave Petitioners' equity interest the same. It would also leave them with the same economic value they currently possess (albeit with Marine Club possessing cash rather than an encumbered apartment building). Petitioners would not be irreparably harmed because both before and after the sale they possess the same economic interest, equity in Marine Club, and practical economic value, the assets in Marine Club." (Doc. No. 54 at 3).

authority to grant further relief pursuant to § 2202." United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co., 414 F.3d 558, 572 (5th Cir. 2005).

Petitioners finally contend that Respondent's motion for equitable relief ought to be denied according to the doctrine of unclean hands. (Doc. No. 53 at 13). Ironically, Petitioners make this argument despite continuing to violate the declaratory judgment confirmed by this Court. Petitioners contend, without record support, that Respondent has misrepresented to Pennsylvania Courts that Respondent is authorized to control litigation on Marine Club Associates' behalf, "despite the Rule 62(a) automatic stay and Petitioners' pending Rule 62(b) injunction." (Doc. No. 53 at 13). Even accepting Petitioners' contentions, Respondent was merely acting as the declaratory judgment entitles them to. Rule 62(c)(1) stipulates that injunctive relief, to which declaratory judgments are analogous, is not automatically stayed pending appeal. FED. R. CIV. P. 62(c)(1). And the mere pendency of Petitioners' Rule 62(b) motion to stay does not prevent Respondent from acting in reliance on the Court's earlier confirmation of the declaratory judgment.

Petitioners were given notice of the potential injunction, and an opportunity to be heard at the Court's October 23, 2023, hearing on the Motions for Stay and Injunctive Relief. The requirements of 28 U.S.C. § 2202 are satisfied. Respondent's requested injunction constitutes necessary relief based on a declaratory judgment. Respondent's motion for injunctive relief will be granted.

Respondent's proposed injunction would award reasonable attorneys' fees and costs incurred in connection with their motion for injunctive relief. The proposed injunction would also require Petitioner to hand over a voluminous list of "documents and information" to RB Commercial. (Doc. No. 51-1). Because neither of these aspects of the injunction were argued at

the October 23 hearing, the Court declines to rule on them at this time. If Petitioners' refusal to tender certain documents and information interferes with Respondent's ability to control Marine Club Associates, then Respondent may seek further injunction under separate cover.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioners' Motion to Stay Execution of or Proceedings to Enforce Final Judgment (Doc. No. 48) is **GRANTED IN PART** with respect to the money judgment and Full-Recourse Event declaratory judgment, and **DENIED IN PART** with respect to the Changeover Event declaratory judgment. Petitioners **SHALL** post a supersedeas bond in the amount of **$8,767,624.96** with the Clerk of Court. If the supersedeas bond is not posted within **fourteen days (14)** of this Order, this stay will lift, and Respondent may proceed with executing the judgment.

**IT IS FURTHER ORDERED** that Respondent's Expedited Motion for Injunctive Relief (Doc. No. 51) is **GRANTED**. Petitioner **SHALL**:

(1) Refrain from interfering with RB Commercial's exercise of control over Marine Club Associates, LLC;

(2) Refrain from interfering with RB Commercial's replacement of Marine Club Manager, Inc. as the Manager of Marine Club Associates, LLC with an entity of RB Commercial's choosing;

(3) Refrain from interfering with RB Commercial's replacement of the Property Manager of Marine Club Associates, LLC, with an entity of RB Commercial's choosing;

(4) Refrain representing themselves to third parties as an individual or entity authorized to act on behalf of Marine Club Associates, LLC.

Petitioners **SHALL** take all actions reasonably required to facilitate RB Commercial's (a) exercise of control of Marine Club; (b) replacement of the manager of Marine Club; and (c) replacement of the property manager for the Marine Club Apartment Building.

Finally, the Motion to Adjourn Hearing, (Doc. No. 57), is **DENIED**, as the Court held the hearing on the other pending motions on October 23, 2023.

**SO ORDERED.**

Signed: November 20, 2023

Max O. Cogburn Jr
United States District Judge